**LATHROP GPM LLP**
Ronald A. Valenzuela (State Bar No. 210025)
ronald.valenzuela@lathropgpm.com
2049 Century Park East, Suite 3500S
Los Angeles, CA 90067
Tel: (310) 789-4600 Fax: (310) 789-4601

Richard P. Beem (*pro hac vice*)
richard.beem@lathropgpm.com
155 North Wacker Drive, Suite 3000
Chicago, IL 60606
Tel: (312) 920-3300 Fax: (312) 920-3301

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| RODE MICROPHONES, LLC; and FREEDMAN ELECTRONICS PTY LTD., <br><br> Plaintiff, <br><br> v. <br><br> FEAM GMBH, <br><br> Defendant. | Case No. 2:23-cv-01082 ODW (KK) <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFFS *EX PARTE* MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

1  Having considered Plaintiffs Freedman Electronics Pty. Ltd. ("Freedman") and RØDE Microphones, LLC ("RØDE USA") *Ex Parte* Motion for entry of a Temporary Restraining Order ("TRO"), Asset Restraining Order, and Order to Show Cause why a Preliminary Injunction Should Not Issue (the "Motion") against Defendant FEAM GmbH ("FEAM"), and FEAM having been provided notice of the Motion by Plaintiffs, and good cause appearing therefor:

IT IS HEREBY ORDERED THAT the Motion is GRANTED.

The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. *Beaty v. Brewer*, 649 F.3d 1071, 1072 (9th Cir. 2011); *see also M/A-COM Tech. Solutions, Inc. v. Integrated Semiconductor Serv., Inc.*, No. C–15–2423 EMC, 2015 WL 4463920, *1 (N.D. Cal. Jul. 21, 2015). To obtain a temporary restraining order or a preliminary injunction, the moving party must demonstrate that "(1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of relief; (3) the balance of equity tips in its favor; and (4) the injunction is in the public interest." *M/A-COM Tech. Solutions*, 2015 WL 4463920 at *1 (citing *Beaty v. Brewer*, 649 F.3d 1071, 1072 (9th Cir. 2011)). Courts in the Ninth Circuit apply a "sliding scale" test and balance each of the four factors. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

Plaintiffs have sufficiently met this standard:

1. Plaintiffs have shown a likelihood of success on their Complaint's claims against FEAM for trademark infringement under the Lanham Act (Count I), false advertising (Count II), unfair competition (Count III), and trademark infringement/unfair competition under California common law (Counts IV and V).

2. Plaintiffs have established that they would suffer irreparable injury in the absence of a TRO; and

3. Plaintiffs have established that the balance of equities and the public interest here support granting a TRO, because the harm to Freedman, RØDE USA, and the public from the denial of the requested *ex parte* order outweighs any potential harm to FEAM's purportedly legitimate interests against granting such an order.

Accordingly, this Court hereby **GRANTS** Plaintiffs' Motion in its entirety and orders that:

1. Defendant, and its agents, assigns, or anybody acting on its behalf or in concert with them, is enjoined and restrained from:

   a. selling, transferring, destroying, altering, or otherwise disposing of any product or packaging materials bearing the RØDE Marks in their possession, custody or control until such time as the Court may consider and rule on Plaintiffs' request for an order to show cause as to why a preliminary injunction should not issue;

   b. making or employing any commercial use of the RØDE Marks as well as any reproductions, counterfeit copies, derivations or colorable imitations thereof, or any mark confusingly similar thereto or likely to dilute or detract from the RØDE Marks or falsely suggest any authorization, endorsement, or affiliation with Freedman and RØDE.

2. Defendant's assets in the U.S. shall be frozen to preserve Plaintiffs' right to an equitable accounting and to recover damages.

3. No bond shall be required, as Defendant is not likely to be harmed by being so enjoined.

4. Defendant shall further be ordered to appear in Courtroom 5D, 5th Floor in the United States District Court for the Central District of California, located at 350 W. 1st Street, Los Angeles, California 90012 on _____, 2023, at ____ AM/PM to show cause why an order should not issue pursuant to Fed. R. Civ. P. 65(a), granting the preliminary injunctive relief restraining Defendant, its respective agents, officers, attorneys, representatives, employees, servants, confederates, and all others in privity or acting in concert or participation therewith from engaging in the activities that are the subject of the above Temporary Restraining Order.

5. This Temporary Restraining Order shall take effect immediately and shall remain in effect pending the hearing in Paragraph 3, above, or further order of this Court.

6. Defendant shall serve and file any papers in opposition to the order to show cause no later than _____ court days before the hearing and Plaintiffs shall serve and file any papers in reply no later than __ court days before the hearing. Defendant is

hereby on notice that failure to appear at the show cause hearing may result in the imposition of a preliminary injunction against it pursuant to 15 U.S.C. § 1116(d) and Fed. R. Civ. P. 65.

**IT IS SO ORDERED.**

Dated: _____, 2023

_____
OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE