# EXHIBIT K

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LATHROP GPM LLP**
Ronald A. Valenzuela (State Bar No. 210025)
ronald.valenzuela@lathropgpm.com
2049 Century Park East, Suite 3500S
Los Angeles, CA 90067
Tel: (310) 789-4600 Fax: (310) 789-4601

Richard P. Beem (*pro hac vice*)
richard.beem@lathropgpm.com
155 North Wacker Drive, Suite 3000
Chicago, IL 60606
Tel: (312) 920-3300 Fax: (312) 920-3301

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| RODE MICROPHONES, LLC; and FREEDMAN ELECTRONICS PTY LTD., <br><br> Plaintiff, <br><br> v. <br><br> FEAM GMBH, <br><br> Defendant. | Case No. 2:23-cv-01082 ODW (KK) <br><br> **DECLARATION OF ALEX SHTRAYM IN SUPPORT OF PLAINTIFFS' *EX PARTE* MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER, AN ASSET RESTRAINING ORDER, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

LATHROP GPM LLP
ATTORNEYS AT LAW

I, Alex Shtraym, declare as follows:

1. I am an attorney at law duly licensed to practice in the State of Texas and am an associate at the law firm of Lathrop GPM LLP, counsel of record for Plaintiffs Freedman Electronics Pty. Ltd. ("Freedman") and RØDE Microphones, LLC ("RØDE USA") in this action. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. At approximately 2:15 p.m. CDT on June 2, 2023, I called known attorney for FEAM GmbH ("FEAM"), Mark Berkowitz of Tarter Krinsky & Drogin. I called his office's number and talked to an operator, who failed to connect me to Mr. Berkowitz and informed me to call back in thirty minutes.

3. Then, around 2:30 p.m. CDT, I called FEAM's counsel of record, Tyler Dowdall of Tarter Krinsky & Drogin. I was unable to reach Mr. Dowdall, so I left a voicemail notifying him of Plaintiffs' intention to file an *Ex Parte* Motion for a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue. At the end of the voicemail message, I asked Mr. Dowdall to inform me whether FEAM will oppose the Motion and requested that he return my call as soon as possible.

4. At 3:00 p.m. CDT that same day, I called Mr. Berkowitz and, again, spoke with an operator. This time I was put through to Mr. Berkowitz's direct line and left a voicemail message. The recorded message indicated that it was the voicemail box for Mr. Berkowtiz. I left a voicemail notifying Mr. Berkowitz of Plaintiffs' intention to file an *Ex Parte* Motion for a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue and requested that Mr. Berkowitz return my call as soon as possible to inform me whether FEAM will oppose the Motion.

5. After not hearing back from either of FEAM's known attorneys, I sent Mr. Berkowitz and Mr. Dowdall an email attaching the *Ex Parte* Motion for a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue, providing further notice of the Motion.

LATHROP GPM LLP
ATTORNEYS AT LAW

DECLARATION OF ALEX SHTRAYM IN SUPPORT OF PLAINTIFFS' EX PARTE MOTION
FOR ENTRY OF A TEMPORARY RESTRAINING ORDER
1

EXHIBIT K
Page 80

6.  As of 8:00 p.m. CDT on June 2, 2023, I have not heard from any of FEAM's known counsel.

I declare under penalty of perjury that the foregoing is true and correct.

Executed June 2, 2023, at Dallas, Texas.


_____
ALEX SHTRAYM

LATHROP GPM LLP
ATTORNEYS AT LAW

DECLARATION OF JESSE DEAN IN SUPPORT OF PLAINTIFFS' EX PARTE MOTION
FOR ENTRY OF A TEMPORARY RESTRAINING ORDER

2