O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| RODE MICROPHONES, LLC et al.,<br><br>         Plaintiffs,<br><br>   v.<br><br>FEAM GMBH,<br><br>         Defendant. | Case № 2:23-cv-01082-ODW (KKx)<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS OR TRANSFER [21], AND DENYING AS MOOT MOTION FOR PRELIMINARY INJUNCTION [18]** |

## I. INTRODUCTION

Plaintiffs RODE Microphones, LLC and Freedman Electronics Pty. Ltd. bring this action for trademark infringement, false advertising, and unfair competition against Defendant FEAM GMBH. (Compl. ¶¶ 79–164, ECF No. 1.) FEAM moves to dismiss or transfer the case for lack of personal jurisdiction and pursuant to the first-to-file rule. (Mot. Dismiss or Transfer ("Mot."), ECF No. 21.) For the reasons discussed below, the Court **GRANTS** the Motion **IN PART** and **TRANSFERS** the case to the United States District Court for the District of New Jersey. (ECF No. 21.)[1] Accordingly, the Court denies as moot FEAM's request for dismissal, (ECF No. 21), and denies as moot Plaintiffs' Motion for a Preliminary Injunction, (ECF No. 18).

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.     BACKGROUND

As alleged in the Complaint, RODE is a leading global manufacturer of audio technology. (Compl. ¶ 7.) Resellers of RODE products must be members of RODE's "Authorised Dealer Network," which RODE created to ensure quality control. (*Id.* ¶¶ 36–37.) FEAM is not a member of the RODE Authorised Dealer Network, and is therefore not authorized to sell RODE products. (*Id.* ¶ 49.) However, FEAM has sold RODE products through its Amazon.com storefront since at least 2018. (*Id.* ¶ 47.)

On January 21, 2023, RODE and its parent company, Freedman, reported FEAM to Amazon for selling counterfeit RODE products. (*Id.* ¶¶ 65–66.) FEAM demanded that RODE retract the reports, but RODE refused. (Mot. 3; Decl. Luca Mastrogiuseppe Ex. A ("D.N.J. Compl.") ¶¶ 62–65, ECF No. 21-3.)

On February 8, 2023, FEAM initiated a lawsuit against RODE, Freedman, and a RODE employee in a New Jersey federal court, seeking a declaratory judgment of non-infringement and raising additional claims based on RODE's reports that FEAM was selling counterfeit RODE products. *See FEAM GmbH v. Freedman Elecs. Pty Ltd*, No. 2:23-cv-00747 (D.N.J. filed Feb. 8, 2023) ("New Jersey Action"). Five days later, on February 13, 2023, RODE and Freedman ("Plaintiffs") initiated this action in the Central District of California against FEAM, asserting causes of action for trademark infringement and unfair competition based on FEAM's resale of counterfeit RODE products. (Compl. ¶¶ 79–164.)

FEAM now moves to dismiss or transfer this action to the United States District Court for the District of New Jersey under the "first-to-file" rule.[2] (Mot. 1.) The Motion is fully briefed. (*See* Opp'n, ECF No. 30; Reply, ECF No. 32.)

---

[2] FEAM also argues this Court lacks personal jurisdiction over it, but that it is subject to personal jurisdiction in New Jersey where it filed the New Jersey Action. (Mot. 1–2, 16.) In light of the Court's conclusion that the first-to-file rule applies and transfer of this case to the District Court for the District of New Jersey is appropriate, the Court does not reach FEAM's alternative argument that this case should be dismissed for lack of personal jurisdiction.

### III. LEGAL STANDARD

Under the "first-to-file" rule, or comity doctrine, a district court may "decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982). This doctrine seeks to conserve limited judicial resources and avoid duplicate or inconsistent judgments on similar issues. *See Kohn Law Grp. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015); *see Treasure Garden, Inc. v. Red Star Traders, LLC*, No. 12-cv-08577-SJO (JEMx), 2013 WL 12121989, at *5 (C.D. Cal. Apr. 1, 2013) (observing that "[e]fficiency is lost, and judicial resources are wasted, where multiple actions," with substantially similar claims and parties, "continue simultaneously"). In determining whether to apply the first-to-file rule, courts must consider the (1) chronology of the two actions; (2) similarity of the parties; and (3) similarity of the issues. *See Kohn Law Grp.*, 787 F.3d at 1240 (citing *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991)). If a later-filed action meets the first-to-file rule requirements, the second court may transfer, stay, or dismiss the case. *Alltrade*, 946 F.2d at 623.

### IV. DISCUSSION

FEAM asserts that this action triggers the first-to-file rule, and the Court should dismiss or transfer this case in favor of the New Jersey Action. (Mot. 1–2.)

**A. Chronology of the Actions**

The Court "start[s] by analyzing which lawsuit was filed first." *Kohn Law Grp.*, 787 F.3d at 1240. It is undisputed that FEAM filed the New Jersey Action first, on February 8, 2023, (*see* D.N.J. Compl.), and that Plaintiffs initiated this action five days later, on February 13, 2023, (*see* Compl.). Accordingly, the New Jersey Action was filed first.

**B. Similarity of Parties**

The second requirement is that the parties be similar. *Alltrade*, 946 F.2d at 625. The first-to-file rule requires only that the parties be substantially similar; they need

not be identical. *Kohn Law Grp.*, 787 F.3d at 1240. The rule is satisfied if some parties in one matter are also in the other, "regardless of whether there are additional unmatched parties in one or both matters." *Intersearch Worldwide, Ltd. v. Intersearch Grp.*, 544 F. Supp. 2d 949, 959 n.6 (N.D. Cal. 2008). Here, Plaintiffs do not dispute that the parties here and in the New Jersey Action are substantially similar. (*See generally* Opp'n.) Indeed, FEAM, RODE, and Freedman are parties in both suits. (Compl.; D.N.J. Compl.) That FEAM additionally named a RODE employee as a defendant in the New Jersey Action does not change this conclusion. (D.N.J. Compl. ¶ 7); *see Intersearch*, 544 F. Supp. 2d at 959. Accordingly, the parties here are "substantially similar" to the parties in the New Jersey Action.

## C. Similarity of Issues

The final requirement is that the issues be "substantially similar." *Kohn Law Grp.*, 787 F.3d at 1240. This factor does not require total uniformity of claims but rather focuses on the underlying factual allegations. *Red v. Unilever U.S., Inc.*, No. 2:09-cv-07855-MMM (AGRx), 2010 WL 11515197, at *5–6 (C.D. Cal. Jan. 25, 2010). If the issues presented in the two suits "substantial[ly] overlap," the first-to-file rule may apply even if the later-filed action includes additional claims. *See Kohn Law Grp.*, 787 F.3d at 1241; *Red*, 2010 WL 11515197, at *5 (noting it is not necessary that "exactly parallel causes of action be alleged").

Although the parties raise different causes of action in each case, the underlying factual allegations giving rise to those causes of action are the same. (*Compare* Compl. ¶¶ 7–78, *with* D.N.J. Compl. ¶¶ 7–77.) Both lawsuits arise from the same activity: FEAM's resale of RODE products on Amazon.com and RODE's report to Amazon that FEAM's RODE-branded products were counterfeit. (Compl. ¶¶ 51–71; D.N.J. Compl. ¶¶ 36–60.) The RODE trademark at issue is the same in both cases. (Compl. ¶ 18; D.N.J. Compl. ¶ 16.) Moreover, the lawsuits are mirrored in that the parties seek opposing legal findings based on the same set of facts. In the New Jersey Action, FEAM seeks a "declaratory judgment that it has not violated [RODE's]

trademark rights or other rights, whether under Federal or State law." (D.N.J. Compl. ¶ 88.) In this action, Plaintiffs allege that FEAM has infringed RODE's trademarks and competed unfairly in the marketplace by misrepresenting that FEAM's RODE-branded products are genuine. (Compl. ¶¶ 79–164.) Thus, the evidence and discovery in both cases will significantly overlap and the court overseeing these actions will be called on to resolve similar legal and factual issues. Accordingly, the issues presented in the two actions substantially overlap.

### D.     Exceptions

Having determined that this case meets the three requirements for application of the first-to-file rule, the question becomes whether any exceptions weigh against it. The court has discretion to consider several equitable exceptions to the first-to file rule, *Alltrade*, 946 F.2d at 628, including where circumstances indicate bad faith or an anticipatory suit filed for the purpose of forum shopping, and where the balance of convenience favors the later-filed action, *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 270 (C.D. Cal. 1998). Plaintiffs argue that these exceptions apply because FEAM acted inequitably by filing in New Jersey. (Opp'n 13.) The Court is not persuaded.

Plaintiffs argue that "[a]ny claims that FEAM wishes to assert can be asserted in" a responsive pleading in this action. (Opp'n 14.) But this reasoning applies equally to Plaintiffs, who could as easily assert the claims they raise here as counterclaims in the New Jersey Action. (*See* Reply 9–10.) Next, Plaintiffs assert that FEAM filed the New Jersey action as an "anticipatory suit" for the purpose of forum shopping. (Opp'n 14.) However, "[f]rom the outset," FEAM informed Plaintiffs that FEAM would file suit in New Jersey unless Plaintiffs retracted "their false 'counterfeit' reports to Amazon." (Reply 2). Further, the record does not reflect evidence of "specific, concrete indications" that Plaintiffs intended to file suit against FEAM such that FEAM's filing in New Jersey could be considered "anticipatory." *See Z-Line Designs, Inc. v. Bell'O Int'l, LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003)

("A suit is anticipatory when the plaintiff filed [a lawsuit] upon receipt of specific, concrete indications that a suit by defendant was imminent."). Finally, to the extent Plaintiffs argue that balance of convenience favors litigation here in California, the Court finds that such arguments "should be addressed to the court in the first-filed action," the District Court in New Jersey. *See Alltrade*, 946 F.2d at 628 (quoting *Pacesetter*, 678 F.2d at 96).

All three requirements for the first-to-file rule are met and, upon weighing the relevant considerations, the Court remains unpersuaded that any equitable exceptions are warranted. In addition, judicial economy and consistency weigh in favor of applying the first-to-file rule to keep these mirrored actions together. Accordingly, the Court finds it appropriate to apply the first-to-file rule and transfer this action to the District of New Jersey.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** Defendant's Motion. The Court grants Defendant's request to transfer the case and denies Defendant's request for dismissal as moot. (ECF No. 21.)

In light of this disposition, the Court **DENIES AS MOOT** Plaintiffs' Motion for a Preliminary Injunction, without prejudice to Plaintiffs' refiling in the transferee court. (Mot. Prelim. Inj., ECF No. 18.)

The Clerk of the Court shall transfer this case to the United States District Court for the District of New Jersey, 50 Walnut Street, Newark, NJ 07102.

**IT IS SO ORDERED.**

July 31, 2023

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**